**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Case No. 18-10633 |
| | ) | Chapter 7 |
| TREVOR JUSTIN WALKER and | ) | |
| MELISSA SUE WALKER, | ) | |
| | ) | |
| Debtors. | ) | |

**ORDER AUTHORIZING THE CHAPTER 7 TRUSTEE TO RETAIN BK GLOBAL**
**REAL ESTATE SERVICES AND ROTH WEHRLY GRABER TO PROCURE**
**CONSENTED PUBLIC SALE PURSUANT TO 11 U.S.C. §§ 327, 328 AND 330**

**AT FORT WAYNE, INDIANA** ON  October 31, 2018

Upon the Application of Martin E. Seifert, Trustee in the above-captioned case ("Trustee"),

to *Retain BK Global Real Estate Services and ABC Realty to Procure Consented Public Sale*

*pursuant to 11 U.S.C. §§ 327, 328 and 330* ("Application"), the Court having reviewed and

considered the Application and the Declarations of Realtor and having found good and sufficient

cause appearing therefor and the same to be in the best interest of Debtors and the creditors the Court

hereby FINDS that:

A.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157(b)(2).

B.      Venue of this Chapter 7 case and the Application is proper pursuant to 28 U.S.C.

§§ 1408 and 1409.

C.      Notice of the Application was sufficient under the circumstances.

Based upon the foregoing findings of fact, it is hereby

**ORDERED, ADJUDGED AND DECREED** that:

1.      The Application is **GRANTED**.

1

2.       Defined terms not otherwise defined herein have the meanings given to them in the Application and the Declarations.

3.       The Trustee is authorized to retain and compensate BKRES and local licensed Listing Agent **to provide the necessary professional assistance and representation required by the Trustee to fulfill the Trustee's duties pursuant to 11 U.S.C. § 704 in order to** procure Secured Creditor's Consent, and otherwise market and sell the Property, in Debtor's Chapter 7 case pursuant to Sections 327, 328(a) and 330 of the Bankruptcy Code, and Bankruptcy Rules 2014 and 2016, in accordance with the terms and conditions set forth in the BKRES Agreement, the Listing Agreement and this Order.  BKRES and Listing Agent shall not split or otherwise share their fees with any other person or entity.

4.       BKRES and Listing Agent are disinterested persons within the meaning of Bankruptcy Code Section 101(14).

5.       BKRES and Listing Agent shall be compensated in accordance with the BKRES Agreement and Listing Agreement, respectively, and such compensation shall not hereafter be subject to challenge except under the standard of review set forth in Section 330 of the Bankruptcy Code.

6.       BKRES and Listing Agent shall be authorized to receive and retain their fees from Secured Creditor at the successful closing of the sale of the Property without necessity of further order of the Court.  The estate shall, in no circumstance, be obligated to compensate BKRES or Listing Agent in such event and BKRES and Listing Agent shall not have a claim against the estate for any unpaid amounts.  BKRES and Listing Agent, and anyone claiming by, through or under

either of them, shall only have recourse for recovering its fee to Secured Creditor.  The estate shall have no liability for any such claim.

7.      Trustee is hereby authorized to engage Brokers BKRES and Listing Agent to provide reasonable and necessary property preservation, maintenance, and upkeep services to the subject estate Property to facilitate the sale of the Property for the benefit of the Secured Creditor(s) and bankruptcy estate, and to reimburse the Brokers in a maximum amount not to exceed $500.00 for the approved reasonable, necessary costs and expenses of preserving, or disposing of, the subject Property, without the need for further Order.

8.      Notice of the Application was adequate and proper.

9.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

**SO ORDERED**.

*/s/ Robert E. Grant*

**JUDGE, UNITED STATES BANKRUPTCY COURT**